## PLACE FOR HOLDING EXECUTORS' SALES AT PUBLIC VENDUE.

Probate Court of Hamilton County.

JAMES J. SMILEY, EXECUTOR, v. JOHN COOK, A MINOR, ET AL. [*]

Decided, March, 1907.

*Judicial Sales—Provisions of Section 6161 Which are Directory Only—Irregularities Which may be Cured by Confirmation—Order for Executor's Sale Silent as to Place—Sale Made at Auction on the Premises—Purchaser Takes a Good Title.*

1. The provision of Section 6161, relating to sales by executors and administrators, that "the sale be made at public vendue, at the door of the court house in the county in which the order of sale shall have been made, or at such other place as the court may direct," is directory only, and not mandatory; and where the order of sale is silent as to the place where the sale shall be made, and the executor sells the property at auction on the premises, the purchaser takes a good title.

---

[*] Affirmed by the Supreme Court without report, *Caito* v. *Smiley, Executor*, 79 Ohio State.

2. It is not within the discretion of the court to set aside the sale, on the ground that it was made upon the premises without any order of court so directing, where it appears that the property was properly advertised, and there was competitive bidding which resulted in a sale for considerably more than the appraised value, and the parties who are interested in the proceeds are satisfied with the sale.

*Frank R. Morse,* for J. B. Caito.

*S. A. West, John Nichols* and *James J. Smiley,* for executor and distributees.

MALSBARY, J.

In an action in this court brought by James J. Smiley, executor of the last will and testament of Bridget Cook, deceased, to sell real estate to pay debts of the deceased, an order of sale was issued, describing the premises to be sold, and, among other things, directed said executor to "proceed to advertise and sell said real estate, according to law, at public sale, on the following terms, to-wit." Nothing more was recited in said order relating to the place of holding and making said sale.

Section 6161, Revised Statutes of Ohio, by authority of which this order to sell was issued, reads, so far as relates to the place where the sale was to take place, as follows:

"The sale shall be made at public vendue at the door of the court house in the county in which the order of sale shall have been made, or at such other place as the court may direct."

The return of sale is silent as to the place of sale, but the proof of publication of the advertisement of sale on file in this case shows that the property was sold on the premises, and was so advertised to be sold.

It is further admitted by counsel in the case for all parties that the property was offered and sold on the premises, and that all other proceedings in the case are regular.

This matter now comes before the court on the motion of J. B. Caito, a purchaser at said sale, by his counsel, to set aside the return of the sale made by the plaintiff executor herein, because the sale was made on the premises and not at the door of the court house, and also on the motion of the plaintiff to confirm said sale.

It is claimed that as the statute and the order fixed the place of sale at the door of the court house, a sale on the premises would

be such an irregularity as could not be cured by an order of confirmation.

If this position is well taken in law, then the purchaser would not get a good and sufficient title to the property, and his motion should be granted.

If, on the other hand, this irregularity can be cured by a decree of confirmation, and the title thereby be made good in the purchaser, the motion to confirm should be granted.

The legal proposition resulting is whether the statute governing the place of sale, in cases of this kind, is mandatory or directory.

I find the principle that governs in this case laid down and discussed by the Supreme Court of the United States in *Wheaton* v. *Sexton*, 4 Wheat., 503.

I have come to this conclusion after an examination of all the cases cited in the briefs filed in this case. It is there laid down that the title of the purchaser depends upon the judgment, the levy and the deed. This decision is followed in the case of *Lessee of Allen* v. *Parish*, in the 3d Ohio Reports, at page 187. In that case, as I think, involving the same principle as the case at bar, the Supreme Court of Ohio, in commenting on the Wheaton case, uses the following language:

"The purchaser depends upon the judgment, the levy and the deed; all other questions are between the parties to the judgment and the marshal. Whether the marshal sells before or after the return, whether he makes a correct return, or no return at all, to the writ, is immaterial to the purchaser, provided the writ was duly issued and the levy made before the return. Substantially the same doctrine has been recognized in the courts of most of the states where lands are sold upon execution to satisfy judgments."

The Supreme Court, after citing cases from the different states in support of this principle, say further:

"It is a well-settled doctrine of the English courts that the irregularity of the sheriff's proceedings in sales, will not vitiate the right of the purchaser, provided he had an execution authorizing him to, and he did in fact levy and sell. The purchaser must look to see there is a judgment upon which to found an execution; that an execution has been issued, and a levy made, but

is not bound to inquire into the regularity of all the ministerial acts of the sheriff before or after the sale.''

The point in the case of *Allen* v. *Parish,* from which I have quoted, decided that where the sheriff had neglected to make an appraisement, the title was still good in the purchaser, because the making of the appraisement was a ministerial duty in its nature, not essential to make good title. The court say: .

''This section has ever been considered as directory to the sheriff, and any failure or neglect of his to comply with the directions it contains might subject him to a penalty or an action at the suit of the party injured, but would not render his deed to a purchaser void.''

In the case of *Lessee of Stall* v. *Macalester,* reported in the 9th Ohio, at page 19, the court say:

''  *  *  * we think that the title of a purchaser at an administrator's sale will be sustained, although the legal notice may not have been given.''

· In the last cited case the sheriff, by mistake, advertised the property four times, when the statute required the advertisement to be made more than four times.

In the case at bar, as the sale was made by the plaintiff executor, who is a ministerial officer of the court, and the place of sale, according to the principle applicable to this case, not being in its very nature an essential to make good title, it seems clear that the statute relating to the place of sale is directory, and not mandatory.

This being the law of the case, the further rule has been laid down by the courts, that whether a sale should or should not be confirmed and distribution of the proceeds or a new sale ordered, rests in the sound discretion of the court, in view of all the facts and circumstances of the case. In the case at bar, it appears that the property must have been properly advertised, as there was competitive bidding, which resulted in the property selling for a considerable sum above the appraisement.

It further appears that all of the parties to the suit, who are interested in the distribution of the proceeds, are satisfied with the sale. This would indicate that a proper offer of the property had been made by the executor, and a fair price obtained for the same.

If it should appear in a case like this from the facts that substantial justice had not been done all parties interested, then it would be sound discretion on the part of the court to set aside the sale and order a new one. If the court has discretion in a matter of this nature, it fololws necessarily that the duty imposed by the statute, as to the *place* of sale, is directory, and not mandatory.

But the only thing that the purchaser can ask is that he get a good title. This, it seems to me, under the principle of law governing this case, he will get, upon a proper confirmation of the sale and the execution and delivery of a deed to him from the executor in due form. It follows, therefore, that the motion of the purchaser to set aside the sale must be overruled, and that the motion of the plaintiff executor to confirm said sale should be granted.

---

## VALUES OF LEASEHOLD AND REVERSIONARY INTERESTS IN PROPERTY APPROPRIATED BY A MUNICIPALITY.